**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                                                 **CRIMINAL ACTION NO. 4:06CR124-P-D**

**WILLIAM MICHAEL WINEMILLER, ET AL.,**                          **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Defendant William Michael Winemiller's motion to dismiss Count 5 or 6 as multiplicitous [187]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Count 5 of the Indictment charges in pertinent part that William Michael Winemiller ("Winemiller) "provided Dwight Brown fraudulent **weights** of catfish per pond owned by Straight Creek Farms to make Brown's appraisals provided to GCBT [Gulf Coast Bank & Trust Company] and the government appear as if Straight Creek Farms owned far more catfish than in actuality it did; in violation of 18 U.S.C. § 1014." (emphasis added).

Count 6 charges in pertinent part that William Michael Winemiller "provided Dwight Brown fraudulent **numbers** to suggest Straight Creek Farms had catfish in the 'Choctaw' ponds, when in fact, the catfish in the 'Choctaw' ponds belonged to Kent Toler. WINEMILLER did this to make Brown's appraisals provided to GCBT and the government appear as if Straight Creek Farms owned far more catfish than it actually did; all in violation of 18 U.S.C. § 1014." (emphasis added).

Defendant Winemiller argues that providing false weights and false numbers of catfish constitute one alleged violation of § 1014, not two. Accordingly, the defendant argues that either count 5 or count 6 should be dismissed as multiplicitous.

1

"The chief danger raised by a multiplicitous indictment is the possibility that the defendant will received more than one sentence for a single offense." *U.S. v. Swaim*, 757 F.2d 1530, 1537 (5th Cir. 1985). "Where a multipart transaction raises the prospect of multiplicity under a single statute, the question becomes 'whether separate and distinct prohibited acts, made punishable by law, have been committed.'" *U.S. v. Buchanan*, 485 F.3d 274, 278 (5th Cir. 2007) (quoting *U.S. v. Reedy*, 304 F.3d 358, 363-4 (5th Cir. 2002)). Since this motion deals with multiple alleged violations of the same statute, the test "whether conviction under *each statutory provision* requires proof of an additional fact which the other does not," *Buchanan*, 485 F.3d t 278 (emphasis added), does not apply since that test is used when the alleged mulitiplicity arises from alleged violations of more than one statute.

Section 1014 makes it a crime to knowingly make a false statement or to willfully overvalue any property for the purpose of influencing in any way the Rural Development Administration or a bank whose accounts are insured by the FDIC in connection with a loan.

Count 5 alleges that Defendant Winemiller violated § 1014 by providing fraudulent weights of the catfish to the appraiser in the ponds owned by Straight Creek Farms to make it appear to the bank that Straight Creek owned more catfish than it did. Count 6 differs from Count 5 in that it alleges that the defendant violated § 1014 by giving fraudulent numbers of catfish rather than weights to the appraiser in approximately 9 ponds not owned by Straight Creek Farms, but rather by Kenneth Toler. This is significant since Toler's ponds were not part of the proposed sale of Straight Creek Farms to Erwin Rabhan, thus the Toler ponds were not part of the collateral needed by Rabhan to acquire the government guaranteed loan to buy Straight Creek Farms. Accordingly, since either count alone, if proven, would violate § 1014, and neither count is dependent upon the

other, Count 5 and 6 are separate and distinct prohibited acts and are not multiplicitous.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant William Michael Winemiller's motion to dismiss Count 5 or 6 as multiplicitous [187] is **DENIED**.

**SO ORDERED** this the 10th day of February, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE